UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY LANDEEN,  )  | |
|     Plaintiff/Counterclaim Defendant,  ) | |
| ) | |
| vs.  ) | 1:04-cv-1815-LJM-WTL |
| ) | |
| PHONEBILLIT, INC., and  ) | |
| MIRROR MEDIA COMPANY,  ) | |
|     Defendants/Counterclaim Defendants,  ) | |
| ) | |
| STEVEN V. SANN,  ) | |
|     Respondent/Intervenor/Counterclaim  ) | |
|     Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| NEIL LUCAS,  ) | |
|     Intervenor/Counterclaim Defendant.  ) | |

**ORDER ON CERTAIN COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS**

    This cause is now before the Court on certain counterclaim defendants', PhoneBILLit, Inc., and Mirror Media Company ("MMC") (collectively, "Companies"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") the counterclaims brought against them by respondent/intervenor/counterclaim plaintiff Steven V. Sann ("Sann"). Companies contend that Sann's claims against them should fail because it alleges no claim for relief by Sann, individual, against Companies, it alleges no basis for a derivative action against Companies, and it does not satisfy the requirements of Federal Rule of Civil Procedure 23.1 ("Rule 23.1").

    For the following reasons the Court **GRANTS** Companies' Motion to Dismiss.

## I. MOTION TO DISMISS STANDARD

To rule on Companies' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Sann can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995), *cert. denied*, 516 U.S. 1159 (1996). Sann may receive the benefit of hypotheses consistent with the complaint. *See id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court need not ignore facts set out in the complaint that undermine Sann's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (citing *Am. Nurses' Ass'n v. Ill.*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept Sann's legal conclusions. *See Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

## II. BACKGROUND

PhoneBILLit was incorporated in Indiana on November 8, 2002. Steven V. Sann's Verified Intervenor's Individual and Derivative Compl. ¶ 8 ("Sann Compl."). On June 18, 2003, Mirror Media was incorporated in Indiana. *Id.* ¶ 9. It is unclear from the complaint how the companies are interrelated.

PhoneBILLit operates in the local exchange carrier ("LEC") telecommunications industry. *Id.* ¶ 15. A LEC is a carrier of telephone calls and other communication services by telephone lines. *Id.* PhoneBILLit offers a voice mail product that it markets via e-mail advertising campaigns to potential customers nationwide. *Id.* ¶ 16. Consumers use their internet browser to open an offer page and then subscribe to the service. *Id.* Consumers who accept the offer are billed on their LEC telephone bill through Billing Concepts, Inc. ("BCI") in San Antonio, Texas. *Id.*

Companies were formed on behalf of Sann and co-counterclaim defendant Cindy Landeen ("Landeen"). *Id.* ¶¶ 17-22. Co-counterclaim defendant Neil Lucas ("Lucas") acted as counsel to Sann, and Companies during the formation process and afterward. *Id.* ¶¶ 8, 22-29. According to the complaint, Companies were incorporated without a formal structure, no board of directors and stock never issued to Sann and Landeen as co-equal equity partners. *Id.* ¶¶ 8-9, 33-34. Lucas apparently has an 18% equity interest in Companies pursuant to an agreement between himself, Sann and Landeen, whereby Lucas would obtain the interest in exchange for legal services. *Id.* ¶ 24.

In late 2003, Sann became uncomfortable using Lucas as his personal advisor on matters related to Companies; Sann sought outside counsel in early 2004. ¶¶ 36-37. From early 2004 through that summer, the relationship between Sann, Landeen and Lucas continued to deteriorate. *Id.* ¶¶ 74-84. Essentially, Sann alleges that Landeen and Lucas used PhoneBILLit resources for their own gain to his and PhoneBILLit's detriment from summer 2004, through early- to mid-2005. *Id.* ¶¶ 74-127.

The Sann complaint alleges that Lucas: committed acts of attorney malpractice against Sann and Companies, *id.* ¶¶ 128-32; breached a contract with Sann, *id.* ¶¶ 133-38; breached a fiduciary duty owed Sann, and possible Companies, *id.* ¶¶ 139-48; frauded Sann out of nine shares in

3

Companies, *id.* ¶¶ 149-55; constructively frauded Sann and Companies to their detriment, *id.* ¶¶ 156-69; profited unjustly to Sann's detriment, *id.* ¶¶ 170-73; and committed securities fraud to the detriment of Sann and Companies, *id.* ¶¶ 174-95. The complaint also alleges that Landeen: breached a fiduciary duty owed Sann and Companies, *id.* ¶ 196-202; and committed conversion. *Id.* ¶¶ 214-26. The Sann complaint also alleges other violations by both Lucas and Landeen to the detriment of Sann and Companies: misappropriation of trade secrets, *id.* ¶¶ 203-08; breach of corporate opportunities, *id.* ¶¶ 209-13; criminal mischief, *id.* ¶¶ 227-33; unfair competition, *id.* ¶¶ 234-38; tortious interference with business relationships and prospective advantages, *id.* ¶¶ 239-45; and conspiracy, *id.* ¶¶ 246-49.

### III.  DISCUSSION

Companies first argue that the Sann complaint does not follow the requirements of Rule 23.1. Generally, under Rule 23.1 in Indiana, a shareholder must satisfy four requirements to bring a derivative action, namely: the complaint must be verified; the plaintiff must have been a shareholder at the time of the transaction of which he complains; the complaint must describe the efforts made by the plaintiff to obtain the requested action from the board of directors; and the plaintiff must fairly and adequately represent the interest of the shareholders. *See G&N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 234-35 (Ind. 2001). Typically, derivative actions are brought by a shareholder on behalf of the corporation to recover for injuries sustained to the corporation by acts by an officer or director adverse to the company. *Id.* at 235.

Here, although Sanns has evidenced his intent to bring a suit on behalf of PhoneBILLit to recover for injuries sustained by PhoneBILLit as a result of acts by its officers/directors, Landeen

and Lucas, Sann's and PhoneBILLit's interests in recovery is directly opposed to that of the other shareholders, Landeen and Lucas. In other words, in the circumstances presented here there is almost no way to distinguish between the harm to Sann and the harm to Companies at the hands of Landeen and Lucas.

Sann argues that his interest in recovering for PhoneBILLit is aligned with Landeen because if "derivative" claims against Lucas succeed, Landeen stands to gain from PhoneBILLit's gain. However, some of PhoneBILLit's claims are against Landeen, which makes that company's interests directly opposed to that of a shareholder.

In addition, like in the *Barth v. Barth*, 659 N.E.2d 559 (Ind. 1995), case, the lines between the derivative actions and Sann's personal actions is blurred by the closely-held nature of Companies. In such a case, the Indiana Supreme Court has adopted the American Law Institute's Principles of Corporate Governance, Section 7.01(d), to hold that

> a shareholder of a close corporation may proceed against fellow shareholder[s] in a direct action if that form of action would not : (1) unfairly expose the corporation or the defendants to a multiplicity of actions, (2) materially prejudice the interests of creditors of the corporation, or (3) interfere with a fair distribution of the recovery among all interested persons.

*G&N Aircraft*, 743 N.E.2d at 236 (citing *Barth*, 659 N.E.2d at 562). The principles for derivative actions does not hold up in the circumstances in this case because there are no disinterested directors/shareholders. *See id.*

In summary, the Court finds that Sann's attempt to bring a derivative action must fail because his interests and those of the other shareholders are diverse, and under the circumstances presented here, there are no disinterested directors/shareholders.

Furthermore, Sann does not clearly articulate any harm to Mirror Media as a result of the

actions of either Lucas or Landeen.  As such, all of his claims against Lucas and Landeen related to Mirror Media are personal and not derivative.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** certain counterclaim defendants', PhoneBILLit, Inc., and Mirror Media Company, Motion to Dismiss the claims brought against them by intervenor/counterclaim plaintiff Steven V. Sann.

IT IS SO ORDERED this 18th day of October, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Timothy Hemenway Button
RILEY BENNETT & EGLOFF LLP
tbutton@rbelaw.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

G. Ronald Heath
HOOVER HULL BAKER & HEATH LLP
grheath@hooverhull.com

J. Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Mark J. R. Merkle
KRIEG DEVAULT
mmerkle@kdlegal.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

Marc T. Quigley
KRIEG DEVAULT
mquigley@kdlegal.com

Jon O'Neal Shields
SHIELDS LAW FIRM PC
shields@montana.com

Greg A. Small
KRIEG DEVAULT
gs@kdlegal.com