UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **CINDY LANDEEN,** ) | |
| ) | |
|   Petitioner/Counterclaim Defendant, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:04-cv-1815-LJM-WTL |
| ) | |
| **PHONEBILLIT, INC., et al.,** ) | |
| ) | |
|   Respondents/Counterclaim Defendants, ) | |
| ———————————————————— ) | |
| **STEVEN V. SANN,** ) | |
| ) | |
|   Respondent/Intervenor/Counterclaimant, ) | |
| ) | |
| **NEIL LUCAS,** ) | |
| ) | |
|   Respondent/Intervenor/ ) | |
|           Counterclaim Defendant. ) | |

## ENTRY ON MOTION TO QUASH

This cause is before the Magistrate Judge on non-party Timothy Durham's Verified Motion to Quash Subpoena and Respondent/Intervenor/Counterclaimant Steven Sann's response thereto. The Magistrate Judge, being duly advised, **GRANTS** the motion to quash for the reasons set forth below.

At issue in the motion is a subpoena duces tecum served by Sann on non-party Billing Concepts, Inc., ("BCI"). BCI acts as a billing clearinghouse for Respondent/Counterclaim Defendant PhoneBILLit; it provides the same service for Durham Technologies, LLC, a direct competitor of PhoneBILLit owned by Durham, and for ABC Corporation, a business owned by Petitioner/Counterclaim Defendant Cindy Landeen that provides consulting services for Durham Technologies. The subpoena seeks the following:

    1.     All communications between you [BCI] and Cindy Landeen.

2. All documents which describe, refer to or relate to Cindy Landeen and/or any other business entity (other than PhoneBILLit, Inc. and Mirror Media Co.) that Landeen is/was associated with. Your response should include, but not be limited to, all marketing, creative materials, and BC WebTrack reports (other than for PhoneBILLit, Inc. and Mirror Media Co.).

3. All communications between you and Neil Lucas.

4. All documents which describe, refer to or relate to Neil Lucas and/or any other business entity (other than PhoneBILLit, Inc. and Mirror Media Co.) that Neil Lucas is/was associated with. Your response should include, but not be limited to, all marketing, creative materials, and BC WebTrack reports (other than for PhoneBILLit, Inc. and Mirror Media Co.).

5. All communications between you and Tim Durham.

6. All documents which describe, refer to or relate to Tim Durham and/or any other business entity that Tim Durham is/was associated with. Your response should include, but not be limited to, all marketing, creative materials, and BC WebTrack reports.

7. All communications between you and Alternative Billing Corporation.

8. All documents which describe, refer to or relate to Alternate Billing Corporation. Your response should include, but not be limited to, all marketing, creative materials, and BC WebTrack reports.

Durham, on behalf of himself and "all of his affiliated entities," seeks to quash paragraphs 5 and 6 of the subpoena on the grounds that the information sought in those paragraphs is not relevant to this case and implicates Durham's confidential business information.

Sann argues that the information regarding Durham is relevant because Sann believes that Landeen and Respondent/Counterclaim Defendant Neil Lucas improperly shared proprietary information belonging to PhoneBILLit with Durham which enabled him to start (or assisted him in starting) Durham Technologies. Sann argues that paragraphs 5 and 6 are "reasonably calculated to show when Durham entered the LEC billing industry, what products and services he provides, the identity of the vendors he is using, and whether Landeen and Lucas are

2

associated with the business." He further argues that "the information requested will also show the extent to which Durham Technologies benefited [sic.] by utilizing the fruits of PhoneBILLit and Sann." Even assuming that some of this information is relevant to the claims and defenses in this case, Sann does not explain, and the Magistrate Judge simply does not see, how it will be gleaned from the documents sought in paragraphs 5 and 6 of the subpoena. On the other hand, it is clear that the requests are extremely overbroad, and a great deal of wholly irrelevant information will be included in the responsive documents in light of that overbreadth. Therefore, the Magistrate Judge determines that Durham's interest in maintaining the confidentiality of his business information[1] outweighs Sann's interest in obtaining the limited amount of relevant information that might be contained in BCI's response to paragraphs 5 and 6. Accordingly, the motion to quash is **GRANTED**.

SO ORDERED: 03/30/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] Sann argues that the documents could be produced as "Attorney Eyes Only" or "Confidential" pursuant to the protective order, thus protecting Durham's interest in confidentiality. Ordering a non-party to produce confidential documents subject to a protective order sometimes is a necessary evil in light of the clear relevance of the documents to the case and the unavailability of the relevant information elsewhere, but Sann falls far short of demonstrating that this is such an instance.