1      UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF INDIANA
       INDIANAPOLIS DIVISION

| | |
|---|---|
| **CINDY LANDEEN,** | ) |
| | ) |
|    Petitioner/Counterclaim Defendant, | ) |
| | ) |
|    vs. | ) CAUSE NO.  1:04-cv-1815-LJM-WTL |
| | ) |
| **PHONEBILLIT, INC., et al.,** | ) |
| | ) |
|    Respondents/Counterclaim Defendants, | ) |
| **STEVEN V. SANN,** | ) |
| | ) |
|    Respondent/Intervenor/Counterclaimant, | ) |
| | ) |
| **NEIL LUCAS,** | ) |
| | ) |
|    Respondent/Intervenor/ | ) |
|        Counterclaim Defendant. | ) |

## ENTRY ON MOTIONS RELATING TO DISCOVERY

This cause is before the Magistrate Judge on several motions relating to discovery, each of which is addressed in turn below.

<u>Motion to Compel Discovery from Neil Lucas (dkt #203)</u>

Respondent/Intervenor/Counterclaimant Steven Sann argues in his Motion to Compel Discovery from Neil Lucas that Respondent/Intervenor/Counterclaim-Defendant Lucas's responses to Sann's first and second sets of document requests are inadequate in several respects. Lucas responds that the motion should be summarily denied because Sann failed to comply with Local Rule 37.1, which is not surprising given that the dates listed in Sann's L.R. 37.1 statement all predate Lucas's document production by several months.  In the absence of a reply from Sann disputing Lucas's unequivocal statement that counsel never discussed the alleged deficiencies in Lucas's document production that are raised in Sann's motion, the Magistrate Judge agrees that

denial on L.R. 37.1 grounds is appropriate, especially in light of the fact that Lucas's response on the merits of the motion suggests that many of Sann's objections to Lucas's document production are without merit. The motion to compel therefore is **DENIED**.

### Motion to Compel Discovery from Cindy Landeen (dkt #222)

In this motion, Sann complains of deficiencies in Petitioner/Counterclaim Defendant Cindy Landeen's responses to his interrogatories and document requests. Like Lucas, Landeen argues that Sann failed to comply with Local Rule 37.1 before filing the motion to compel. However, Sann's counsel did send a "deficiency letter" setting forth the problems he perceived with Landeen's discovery responses, to which Landeen's counsel responded before the motion to compel was filed. While it is arguable whether this complies with either the letter or the spirit of L.R. 37.1, the Magistrate Judge has reviewed Sann's motion on its merits. The motion is **DENIED** for the reasons set forth below.

Sann argues that Landeen failed to "describe the volume of business between her company (ABC) and Durham Technologies" in response to interrogatory no. 2(c). Landeen argues that this information is irrelevant, and Sann does not explain its relevance in his motion and did not file a reply brief. Accordingly, there is no basis to compel a further response to this interrogatory.

The Magistrate Judge agrees with Landeen that Sann's failure to obtain the information he sought in interrogatories nos. 6, 8, 11, and 12 was the result of the poor drafting of the interrogatories. The Magistrate Judge also agrees with Landeen that she provided the information sought in interrogatory no. 16. As for interrogatories nos. 17-19, Sann's entire argument is as follows: "Landeen did not provide complete answers to Interrogatories 17-19. The inadequacies of her answers were addressed in Sann's deficiency letter." The Magistrate

Judge declines to sort through Sann's exhibits to find the appropriate arguments relating to these interrogatories. Similarly, Sann has not provided sufficient information regarding the alleged deficiencies in Landeen's responses to document requests nos. 3 and 7 and why the information he seeks is relevant to the claims and defenses in this case.

Finally, Sann also complains that Landeen did not produce documents in proper sequence; that is, in numerical order by Bates-stamp number. In her response to the motion to compel, Landeen provides a reasonable explanation for the way in which Sann received the documents; in the absence of a reply from Sann, the Magistrate Judge determines that Landeen satisfied her obligations under the Federal Rules of Civil Procedure.

<u>Motion to Compel Depositions of Neil Lucas and Cindy Landeen (dkt #210)</u>

The events leading to this motion are a sad example of what inevitably happens when counsel are unable or unwilling to act cooperatively to complete discovery within the time allotted. In a nutshell, it appears that Sann, Landeen and Lucas (or more accurately, their respective attorneys) left the task of scheduling each others' depositions until the last minute and simply ran out of time. Rather than agree among themselves to extend the discovery deadline for a day or two in order to complete the depositions, they chose to engage in a game of litigation chicken on the last few days of the discovery period that ended with none of the depositions being taken and this motion being filed. Inasmuch as any eventual trial of this case will undoubtedly be more efficient if the depositions at issue go forward, Sann's motion is **GRANTED IN PART** to the following extent: The depositions of Lucas and Landeen shall be scheduled for the next mutually agreeable date(s). The remainder of the relief sought by Sann in his motion is **denied**.

<u>Motions Relating to Sann's Expert Witness (dkt # 211 & 225)</u>

The deadline for Sann to serve his expert witness disclosures was September 29, 2006. That date came and went without any disclosures by Sann or a motion to extend the deadline. On October 16, 2006, Sann filed a motion seeking leave to name his expert witnesses and provide expert reports by October 31, 2006. That motion became ripe on November 5th and was denied on November 6th. In the meantime, on October 31st, Sann served the expert report of Martin Risacher; soon thereafter Lucas filed a motion to strike Sann's designation of Risacher as an expert because he was not timely disclosed. On November 9th, Sann filed a motion entitled Motion to Reconsider Denial of Motion for Leave to Name Expert Witness.

While Sann's motion states that it sets forth "reasons not previously brought to the Court's attention, yet significant for the Court's consideration," it does not. Sann neither acknowledges nor attempts to satisfy the applicable "excusable neglect" standard pursuant to Federal Rule of Civil Procedure 6(b)(2) for motions such as his that are filed after the expiration of the relevant deadline. Rather, he simply reiterates the arguments that he makes in his motions to compel that Lucas and Landeen failed to fulfill their discovery obligations. None of those arguments speak to the fact that Sann failed to seek an extension of the expert disclosure deadline prior to its expiration. Further, while Sann suggests that he went to great, although ultimately unsuccessful, lengths to resolve his discovery disputes without court intervention, the facts do not bear that out; as noted above, he failed to comply with Local Rule 37.1 with regard to Lucas and failed adequately to support his motion to compel with regard to Landeen. Sann has provided nothing upon which a finding of "excusable neglect" could be made; his argument essentially boils down to the fact that he believes that it is no big deal that he missed the expert disclosure deadline. He is wrong, however. As the Seventh Circuit has noted on more than one

occasion:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge has a right to assume that deadlines will be honored.

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)).  Sann's motion to reconsider (dkt #225) is **denied**.  Inasmuch as Sann made his expert designation after the applicable deadline and without leave of court, Lucas's motion to strike that designation and the accompanying expert report (dkt #211) is **GRANTED**.

<u>Emergency Motion to Reopen Discovery (dkt #263) and Motion to Strike (dkt #269)</u>

On February 20, 2007, almost four months after the deadline for non-expert discovery and almost two months after the expert discovery deadline, Sann filed his ironically titled "Emergency" Motion to Reopen Discovery.  At its essence, Sann's argument is that the Court should permit additional discovery in hopes that something new will be discovered that will lead the parties to settle this case, thus enabling the Court to avoid the hassle of trying the case.  Other than those previously raised in his motions to compel, Sann gives no reason why he has not already conducted the discovery he now wishes to conduct; rather, he simply states that there is now plenty of time for additional discovery because the trial has been continued to December 10, 2007.  For the same reasons as Sann's motion to reconsider was denied, the motion to reopen discovery also is **DENIED**.

On March 9, 2007, Lucas filed a response to Sann's motion to reopen discovery.  Sann moved to strike that response on the grounds that it was untimely and that it includes "vituperative and unprofessional editorial comments."  The motion to strike is **DENIED**,

inasmuch as Lucas's response was neither untimely nor objectionable in tone or content.  The Magistrate Judge further notes that Sann's motion to reopen was denied on its face, without consideration of the arguments contained in Lucas's response.

SO ORDERED:   04/04/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Timothy Hemenway Button
RILEY BENNETT & EGLOFF LLP
tbutton@rbelaw.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

G. Ronald Heath
HOOVER HULL LLP
grheath@hooverhull.com

Donald R. Hostetler
ICE MILLER LLP
donald.hostetler@icemiller.com

Patrick F. Mastrian III
pmastrian@brown-tompkins-lory.com

J. Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com