UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| CINDY LANDEEN, | ) | |
| Petitioner/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1815-LJM-WTL |
| | ) | |
| PHONEBILLIT, INC. and | ) | |
| MIRROR MEDIA COMPANY, | ) | |
| Respondents/Counterclaim Defendants, | ) | |
| | ) | |
| STEVEN V. SANN, | ) | |
| Respondent/Intervenor/Counterclaim | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEIL LUCAS, | ) | |
| Respondent/Intervenor/ | ) | |
| Counterclaim Defendant. | ) | |

**ORDER**

This cause is now before the Court on several motions filed by respondent/intervenor/counterclaim plaintiff, Steven V. Sann ("Sann"):  (1) Sann's Notice of Objections to the Magistrate Judge's entry of November 6, 2006, that denied Sann's Motion to Name Expert Witness, Docket No. 228; (2) Sann's Motion for Oral Argument on that Notice, Docket No. 229; (3) Sann's Appeal of Magistrate Judge's Decision to District Court, Docket No. 273; (4) Sann's Motion for Oral Argument on that Appeal, Docket No. 274.

The Court finds the briefing of the issues adequate, therefore, Sann's motions for oral argument, Docket Nos. 229 and 274, are **DENIED**.

# I. <u>BACKGROUND</u>

At the end of August 2006, Sann obtained new counsel in this suit.  Shortly thereafter, on September 1, 2006, respondent/intervenor/counterclaim defendant, Neil Lucas ("Lucas"), first produced to Sann all non-privileged discovery responses, after over a year of requests by Sann for such discovery.  Faced with the discovery deadline of October 23, 2006, on October 22, 2006, Sann filed a motion to compel discovery from Lucas.  The Magistrate Judge denied this motion because Sann had failed to comply with the requirements of Local Rule 37.1[1] with respect to that discovery. Sann contends that his failure to follow the rule was justified in light of Lucas' belated and incomplete discovery responses.  Sann objects to the Magistrate Judge's strict application of Local Rule 37.1.

On November 6, 2006, Sann filed a Motion for Leave of Court to Name Expert Witness. Case Management Plan deadline for filing expert witness disclosures had expired on September 29, 2006.  The Magistrate Judge denied the request.  On November 9, 2006, Sann filed a Motion to Reconsider that ruling.  Sann argued that pursuant to Lucas' and petitioner/counterclaim defendant's, Cindy Landeen ("Landeen"), prior discovery abuses, he should be allowed to file his expert witness disclosure after the relevant deadline.  The Magistrate Judge found that Sann had failed to provide evidence of excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(2), and denied Sann's motion to reconsider.

---

[1]Southern District of Indiana Local Rule 37.1 states, in relevant part:

The Court may deny any discovery motion . . . unless counsel for the moving party files with the Court, at the time of filing the motion, a separate statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorney(s) on the matter(s) set forth in the motion.

On November 8, 2006, Sann filed a Motion to Compel Discovery against Landeen.  Sann argued that certain of Landeen's answers to interrogatories and responses to request for production of documents were deficient.  The Magistrate Judge denied Sann's request because he failed to explain the relevance of the requested discovery in his motion, and Sann failed to file a reply to Landeen's opposition.  Sann asserts that the Magistrate Judge erred.  Sann contends that the relevance of the information should have been obvious to the Magistrate Judge given the context of the discourse between the attorneys as reflected in his exhibits.  In addition, Sann argues that the Magistrate Judge's order would require him to know how Landeen's responses to discovery requests were deficient without her ever having answered any of the requests.

Sann also argues that the Magistrate Judge's decision to deny his Emergency Motion to Reopen Discovery was in error.

## II.  STANDARD ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

The Court's review of a magistrate judge's discovery order is governed by Rule 72(a), which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Using the clear error standard, the Court will overturn the Magistrate Judge's ruling in the instant case "only if [it] is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943  (7th Cir. 1997).

## III. **DISCUSSION**

First, Sann argues that the Magistrate Judge's ruling on his Motions to Compel were clearly erroneous because they did not take into account Sann's continued difficulty in getting discovery from Lucas and Landeen.  In other words, because of Sann's failures in the past to get discovery-related issues resolved without the Court's help, he should be excused from employing the self-help requirements of the Local Rules in the instant matters.  The Court disagrees with Sann's argument.  The only evidence Sann presented to the Court that he tried to work out his discovery dispute with either Lucas or Landeed prior to seeking the Court's help is dated prior to the date that either Lucas or Landeen provided any discovery.  There is no evidence that Sann even attempted to work out a resolution before seeking Court intervention.  Although the Court recognizes that there have been instances in which it has allowed a party to get by with "sparse" evidence of compliance with Local Rule 37.1, *see Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993), this is not such a case.  The Court sees no error in the Magistrate Judge's denial of Sann's motions to compel for failure to comply with Local Rule 37.1.

Sann also argues that the Magistrate Judge erred when he denied, in the alternative, Sann's motion to compel discovery from Landeen on the merits.  Sann contends that the Magistrate Judge applied the wrong standard, which would require Sann to describe the relevance of documents he has never seen.  Sann further asserts that the Magistrate Judge took the wrong inferences from Sann's failure to file a reply to his motion.  The Court disagrees with Sann that the Magistrate Judge used the wrong standard.  Federal Rule of Civil Procedure 26(b)(1) allows "discovery of any matter, not privileged, which is relevant to the claim or defense of any party."  This is a broad standard such that discovery may be had of irrelevant evidence if it might lead to discovery of admissible evidence.

On the merits, the Magistrate Judge determined that with respect to Sann's failure to obtain the discovery he asked for with respect to interrogatory no. 2(c), in light of Landeen's objection to such discovery on relevance grounds, Sann had failed to articulate how such discovery would either be relevant itself, or lead to the discovery of admissible evidence. Absent such an argument, it was within the Magistrate Judge's discretion to deny Sann's motion to compel with respect to interrogatory no. 2(c).

For the remainder of Sann's complaints about Landeen's answers to interrogatories, the Magistrate Judge was not convinced by Sann's arguments that Sann's failure to receive the discovery was based on Landeen's refusal to provide information. Rather, the Magistrate Judge stated:

> The Magistrate Judge agrees with Landeen that Sann's failure to obtain the information he sought in interrogatories nos. 6, 8, 11, and 12 was the result of the poor drafting of the interrogatories. The Magistrate Judge also agrees with Landeen that she provided the information sought in interrogatory no. 16. As for interrogatories nos. 17-19, Sann's entire argument is as follows: "Landeen did not provide complete answers to Interrogatories 17-19. The inadequacies of her answers were addressed in Sann's deficiency letter." The Magistrate Judge declines to sort through Sann's exhibits to find the appropriate arguments relating to these interrogatories. Similarly, Sann has not provided sufficient information regarding the alleged deficiencies in Landeen's responses to document requests nos. 3 and 7 and why the information he seeks is relevant to the claims and defenses in this case.

Entry on Mot. Relating to Dis., at 2-3 (Apr. 4, 2007). The Court finds no manifest error in these rulings.

Sann also asserts that the Magistrate Judge erred when he denied Sann's Motion for Leave of Court to Name Expert Witness. The Magistrate Judge denied Sann's request because Sann failed to provide evidence or argument related to "excusable neglect," the standard for late-filed motions under Federal Rule of Civil Procedure 6(b)(2). The Court agrees with the Magistrate Judge that Sann has failed to provide evidence of excusable neglect. All of the discovery disputes that Sann

contends gave rise to his inability to choose an expert until after the deadline expired occurred well before the September 29, 2006, expert disclosure deadline.  In other words, given the discovery issues that Sann alleges were ongoing when Sann's new counsel made his appearance in August 2006, it was incumbent upon Sann to raise the issue of his difficulty in choosing an expert prior to the Case Management Plan deadline for such disclosures.  Sann cannot now blame the discovery disputes for his failure to recognize that he could not meet the deadline; such neglect is not "excusable."  As the Seventh Circuit has stated:

> Rule 6(b)(2) is less generous to dawdlers than Rule 4(m), not only in requiring the plaintiff to show excusable neglect if his motion for an extension is itself untimely, but also in not requiring the judge to grant the motion even if good cause is shown. The difference in standards may be accidental, or may reflect the fact that ignoring litigation deadlines delays the finality of the litigation, *see* Committe Not to 1946 Amendment of Rule 6, Subdivision (b), whereas missing service deadlines merely postpones the commencement of litigation.  Whatever the explanation, the difference is plain enough.

*See United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

The Court sees no error in the Magistrate Judge's ruling to deny Sann's belated request to name an expert witness.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES**: (1) Sann's Notice of Objections to the Magistrate Judge's entry of November 6, 2006, Docket No. 228; (2) Sann's Motion for Oral Argument on that Notice, Docket No. 229; (3) Sann's Appeal of Magistrate Judge's Decision to District Court, Docket No. 273; (4) Sann's Motion for Oral Argument on that Appeal, Docket No. 274.

IT IS SO ORDERED this 12th day of June, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

7

Electronically distributed to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Timothy Hemenway Button
RILEY BENNETT & EGLOFF LLP
tbutton@rbelaw.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

G. Ronald Heath
HOOVER HULL LLP
grheath@hooverhull.com

Donald R. Hostetler
ICE MILLER LLP
donald.hostetler@icemiller.com

Brett Y. Hoy
LEWIS & WAGNER
bhoy@lewiswagner.com

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Patrick F. Mastrian III
pmastrian@brown-tompkins-lory.com

J. Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com