UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CINDY LANDEEN, | ) | |
|     Petitioner/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1815-LJM-WTL |
| | ) | |
| PHONEBILLIT, INC. and | ) | |
| MIRROR MEDIA COMPANY, | ) | |
|     Respondents/Counterclaim Defendants, | ) | |
| | ) | |
| STEVEN V. SANN, | ) | |
|     Respondent/Intervenor/Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEIL LUCAS, | ) | |
|     Respondent/Intervenor/Counterclaim Defendant. | ) | |

**ORDER**

This cause is now before the Court on respondent/intervenor/counterclaim defendant's, Neil Lucas ("Lucas"), Motion to Dismiss and/or for Judgment as a Matter of Law (Docket No. 347), Lucas' Motion for Summary Ruling on Motion for Involuntary Dismissal and/or Judgment as a Matter of Law (Docket No. 362), and respondent/intervenor/counterclaim plaintiff's, Steven V. Sann ("Sann"), Motion for Leave of Court to file his Response in Opposition to Lucas' Motion to Dismiss and/or for Judgment as a Matter of Law (Docket No. 364) one day late.

The Court cannot see any harm in allowing Sann to file his Response in Opposition to Lucas' Motion to Dismiss and/or for Judgment as a Matter of Law one day late. Sann's Motion is **GRANTED**. Because the Motion was actually filed as a Response, the Court shall not have the docket corrected, rather the docket entry for this Order shall reflect that Sann's Motion for Leave was

granted and that the Response was deemed filed on December 19, 2007. Lucas' corresponding Motion for Summary Ruling on Motion for Involuntary Dismissal and/or Judgment as a Matter of Law (Docket No. 362) is **DENIED**.

However, resolution of those motions in Sann's favor does not help him defeat Lucas' Motion to Dismiss and/or Judgment as a Matter of Law. The Court concludes that it was error to allow Sann's malpractice claim against Lucas to proceed without an expert to testify to the standard of care; the Court cannot act as an expert on the standard of care and the matters raised by Sann's malpractice claim against Lucas is the subject for which a lay person would need an expert opinion. According to the Seventh Circuit, a judge may not decide lawsuits based on their independent knowledge of facts. *Bonhiver v. Rotenberg, Shwartzman Richards*, 461 F.2d 925, 928-29 (7th Cir. 1972). Although *Bonhiver* was a case decided under Illinois law, the principle that underlies the *Bonhiver* decision is common to Indiana law: a decision made on facts determined from evidence not in the record is a denial of due process. *See Hardin v. Indiana*, 260 Ind. 501, 502-03, 296 N.E.2d 784, 784-85 (1973) (stating that the use of information not received in evidence at trial to bolster in-court testimony on the question of guilt violates due process, in part, because it deprives a defendant of the ability to test assertions through cross-examination); R.D.I. v. K.C.K., 539 N.E.2d 968, 968-69 (Ind. Ct. App. 1989) (stating that evidence necessary to a judgment must come before the Court during trial, otherwise the adverse party would not have the opportunity to confront and cross-examine a witness); *Riley v. Wegner*, 404 N.E.2d 1189, (Ind. Ct. App. 1980) (reaffirming the rule that "it is reversible error for a court to base a judgment upon information obtained by extra-judicial inquiry either by the judge or someone on his behalf" (quoting *Kessler v. Willston*, 117 Ind. App. 690, 692, 75 N.E.2d 676, 677 (1947)). Therefore, if expert testimony is required to establish the

standard of care for Sann's malpractice case against Lucas under Indiana law, then the Court cannot act as its own expert because it would require the Court to consider facts not in evidence.

In Indiana, "expert testimony is usually required in a legal malpractice action to establish the standard of care by which the defendant attorney's conduct is measured." *Oxley v. Lenn*, 819 N.E.2d 851, 857 (Ind. Ct. App. 2004). However, "[t]here is no need for expert testimony when the question is one within the common knowledge of the community as a whole or when 'an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it.'" *Hacker v. Holland*, 570 N.E.2d 951, 953 n.2 (Ind. Ct. App. 1991) (quoting *Barth v. Reagan*, 564 N.E.2d 1196, 1200 (Ill. 1990)), *reh'g denied*. Sann contends that the issues raised by his malpractice claim against Lucas are such that expert testimony is not required, and that the Court so found. In addition, Sann argues that the Indiana Rules of Professional Conduct provide sufficient evidence of the applicable standard. The Court disagrees with both of Sann's arguments.

First, the Court did not conclude that expert testimony on the standard of care was not needed; rather, improperly, the Court concluded that it already knew the standard of care from its own experience and, therefore, expert testimony on the subject was unnecessary. The test is whether or not the standard is within the common knowledge of the community as a whole. The Court cannot agree with Sann that his allegations against Lucas vis-a-vis the creation of PhoneBILLit, Inc. ("PBI"), the reasonableness of Lucas' fee, and the propriety of representing and/or engaging in business enterprises with other clients with interests adverse to Sann, are matters for which the community at large has common knowledge. Moreover, the Court cannot agree that the existence of the Indiana Rules of Professional Conduct establish those standards. Lawyers are required to take

entire courses to understand the application of those Rules. A juror cannot be expected to interpret those rules without expert testimony thereon.

To the extent that Sann contends that Lucas waived this argument by not raising it as a motion to reconsider under Federal Rule of Civil Procedure 59 ("Rule 59"), the Court notes that no judgment has entered on Sann's claims against Lucas, therefore, the Rule 59 does not apply. Rather, the matter raised by Lucas is in the nature of a motion to reconsider a pre-judgment interlocutory decision. Such decisions may be reconsidered at any time. *See Matter of 949 Erie Street, Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987); *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). Under the "law of the case" doctrine, a Court may refuse to consider that which has already been decided, *see Cameo Convalescent Ctr.*, 800 F.2d at 110, however, the Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Id.* Here, the Court has determined that it erred when it determined that it could substitute its own expert opinion for that of a party.

After reconsideration, the Court concludes that without expert evidence on the standard of care for an attorney, Sann cannot succeed in proving that Lucas has breached the standard of care to establish his claim of malpractice. Therefore, Lucas is entitled to judgment on that issue as a matter of law.

## CONCLUSION

For the foregoing reasons, respondent/intervenor/counterclaim plaintiff's, Steven V. Sann, Motion for Leave of Court to file his Response in Opposition to Lucas' Motion to Dismiss and/or for Judgment as a Matter of Law (Docket No. 364) one day late is **GRANTED**.

Respondent/intervenor/counterclaim plaintiff's, Steven V. Sann, Response in Opposition to Lucas' Motion to Dismiss and/or for Judgment as a Matter of Law, which is Exhibit A to Docket Number 364, is deemed filed on December 19, 2007. Respondent/intervenor/counterclaim defendant's, Neil Lucas, Motion for Summary Ruling on Motion for Involuntary Dismissal and/or Judgment as a Matter of Law (Docket No. 362) is **DENIED**. Respondent/intervenor/counterclaim defendant's, Neil Lucas, Motion for Involuntary Dismissal and/or Judgment as a Matter of Law (Docket No. 347) is **GRANTED**. Count I of respondent/intervenor/counterclaim plaintiff's, Steven V. Sann, Verified Intervenor's Individual and Derivative Complaint is hereby **DISMISSED with prejudice**.

IT IS SO ORDERED this 20th day of December, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Timothy Hemenway Button
RILEY BENNETT & EGLOFF LLP
tbutton@rbelaw.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Mary Terese Doherty
SOMMER BARNARD ATTORNEYS, PC
mdoherty@sommerbarnard.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

G. Ronald Heath
HOOVER HULL LLP
grheath@hooverhull.com

Don R. Hostetler
ICE MILLER LLP
donald.hostetler@icemiller.com

Brett Y. Hoy
LEWIS & WAGNER
bhoy@lewiswagner.com

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Patrick F. Mastrian III
pmastrian@brown-tompkins-lory.com

John Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com

Christopher D. Wyant
BROWN TOMPKINS LORY
cwyant@brown-tompkins-lory.com