UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CINDY LANDEEN, | ) | |
|     Petitioner/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1815-LJM-WTL |
| | ) | |
| PHONEBILLIT, INC., | ) | |
|     Respondent, | ) | |
| _____ | ) | |
| STEVEN V. SANN, | ) | |
|     Respondent/Intervenor/Counterclaim | ) | |
|     Plaintiff, | ) | |
| | ) | |
| NEIL LUCAS, | ) | |
|     Respondent/Intervenor. | ) | |

### ORDER ON SANN'S RULE 59 MOTION

This cause is now before the Court on respondent/intervenor/counterclaim plaintiff's, Steven V. Sann ("Sann"), Rule 59 Motion to Amend Judgment or in the Alternative Rule 52(b) Motion for Amendment of the Court's Findings and Conclusions ("Motion to Amend") (Docket No. 358). In his motion, Sann seeks to modify the finding of this Court against Sann on his Objections (Docket Nos. 292 & 303) to Receiver's, Riley Bennett & Egloff by its partner, J. Mark McKinzie (the "Receiver"), Report in Partial Settlement of Receivership Proceedings Pursuant to Indiana Code Chapter 32-30-5-14 (Docket No. 279). By order dated December 6, 2007, this Court found against Sann on said objections and stated that respondent, PhoneBILLit, Inc., was entitled to judgment against Sann and his company, Voice Mail Services, Ltd, and/or VMS Ltd. (collectively, "VMS"), in the amount of $102,695.90. Sann contends that the Court does not have jurisdiction to enter judgment against him or VMS because the asset purchase agreement between VMS and

PhoneBILLit was an asset outside the receivership estate and a judgment against Sann and VMS would violate his and the company's due process rights.

The Court has considered Sann's arguments and **GRANTS in part and DENIES in part** his Motion to Amend.

## I. DISCUSSION

For purposes of this entry, the Court presumes familiarity with the basic facts of this complicated corporate dissolution matter. The Court finds unavailing Sann's argument that the Court did not have jurisdiction to determine the rights of PhoneBILLit and Sann vis-a-vis the Asset Purchase Agreement between PhoneBILLit and Sann and his company, VMS. The Asset Purchase Agreement was negotiated by the Receiver on behalf of PhoneBILLit for the benefit of its shareholders. The terms of the Asset Purchase Agreement make clear that Sann would be liable under the agreement via an offset to the same extent as VMS. Successor Rec'r Ex. 5, ¶ 2e.). It is under this provision that the Receiver, in his Report in Partial Settlement, claimed that PhoneBILLit was due an offset from Sann.

Furthermore, Sann's challenge to the Receiver 's Report in Partial Settlement clearly challenged the right of PhoneBILLit to recover under the Asset Purchase Agreement certain sums from Sann and/or VMS. It was for the purpose of hearing Sann's challenge to the Receiver's settlement of PhoneBILLit's rights under the Asset Purchase Agreement that were the subject of the Court's hearing on Sann's objections. Sann had ample opportunity both to discover the basis for the Receiver's position and calculations and to present his own challenge to that position and

calculations. The Court necessarily interpreted the terms of the Asset Purchase Agreement to determine which view of the monies owed PhoneBILLit thereunder was correct.

To the extent that the Receiver's Report in Partial Settlement and Sann's objections thereto sought to clarify the amount of a setoff owed PhoneBILLit by Sann, the Court was well within its jurisdiction to determine that amount for the reasons stated above. To the extent that the Court rendered judgment on the issue as to Sann, because Sann is a party to the litigation to dissolve PhoneBILLit, the Court was not in error. To the extent the Court rendered judgment against VMS, a non-party to the dissolution process, the Court was in error.

## II. CONCLUSION

For the foregoing reasons, respondent/intervenor/counterclaim plaintiff's, Steven V. Sann, Rule 59 Motion to Amend Judgment or in the Alternative Rule 52(b) Motion for Amendment of the Court's Findings and Conclusions (Docket No. 358) is **GRANTED in part and DENIED in part**. The Court's December 6, 2007, Order (Docket No. 357) is hereby **MODIFIED** in that respondent, PhoneBILLit, Inc., is entitled to judgment in the form of an offset from only respondent/intervenor/counterclaim plaintiff, Steven V. Sann, in the amount of $102,695.90.

IT IS SO ORDERED this 8th day of April, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Timothy Hemenway Button
RILEY BENNETT & EGLOFF LLP
tbutton@rbelaw.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Mary Terese Doherty
SOMMER BARNARD ATTORNEYS, PC
mdoherty@sommerbarnard.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Don R. Hostetler
ICE MILLER LLP
donald.hostetler@icemiller.com

Brett Y. Hoy
LEWIS & WAGNER
bhoy@lewiswagner.com

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Patrick F. Mastrian III
pmastrian@brown-tompkins-lory.com

John Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com

Christopher D. Wyant
BROWN TOMPKINS LORY
cwyant@brown-tompkins-lory.com